IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

HANNAH ASHBROOK,
     Plaintiff,

v.                                                                                        Docket No._____
                                                                                          JURY DEMAND

MEIGS COUNTY, TENNESSEE;
STATE OF TENNESSEE;
CASEY STOKES, in his individual and official capacity
as Meigs County General Sessions Judge;
CAROL PETITT in her capacity as the Meigs County Probation Officer;
JACKIE MELTON in his official capacity as Sheriff and Supervisor of the Meigs County Jail; and
BEN CHRISTIAN in his official capacity as a Meigs County Sheriff's Deputy;
     Defendants.

---

## COMPLAINT

---

## JURISDICTION AND VENUE

1.     The Court has jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3) because the controversy arises under the U.S. Constitution and 42 U.S.C. §1983.

2.     This Court also has supplemental jurisdiction over claims asserted against Defendants under Tennessee State law pursuant to 28 U.S.C. §1367.

3.     Venue lies in the Eastern District of Tennessee under 28 U.S.C. §1391(b)(2) because the relevant events occurred in Meigs County, Tennessee.

4.     Plaintiff brings this lawsuit to redress Defendants' violations of Plaintiff's constitutional rights under the Fourth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and her civil rights pursuant to 42 U.S.C. §1983, as well as violations of state law.

5.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to Plaintiff by the

1

Constitution and laws of the United States. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988.

6.      Declaratory relief is authorized by 28 U.S.C. §2201. A declaration of law is necessary to determine the rights and duties of the parties. Plaintiff also seeks monetary damages (special, compensatory, and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

7.      Plaintiff Hannah Ashbrook is and was a citizen and resident of Meigs County, Tennessee on the dates of incidents giving rise to this Complaint.

8.      Defendant Meigs County, Tennessee is a municipality organized under the laws of the State of Tennessee.

9.      Defendant Meigs County funds and operates the Meigs County Courthouse, the Meigs County General Sessions Court, the Meigs County Jail, as well as other County agencies in Decatur, Tennessee.

10.     Defendant Carol Petitt, at all times pertinent and relevant to this action, was employed and or acting as the Probation Officer for Meigs County, Tennessee and she is sued in this capacity.

11.     Defendant Ben Christian, at all times pertinent and relevant to this action, was employed with the Meigs County Sheriff's Department as a law enforcement officer. He is sued in his official capacity.

12.     Defendant Jackie Melton, at all times pertinent and relevant to this action, was the Meigs County Sheriff in charge of the supervision of all Meigs County Sheriff's Department personnel and the Meigs County Jail. He is sued in his official capacity.

2

13.     Meigs County, Tennessee, as a municipality and local governmental unit, is a "person" for the purposes of 42 U.S.C. §1983 as its policies, customs or decisions, either adopted by local government actors or by those whose actions represent official policy, caused Plaintiff's constitutional rights to be violated.

14.     Defendant Casey Stokes (hereinafter "Judge Stokes"), is, and was at all times relevant to the events giving rise to this Complaint, the Meigs County General Sessions Court Judge.

15.     Judge Stokes, as an employee of either Meigs County, Tennessee or the State of Tennessee, was responsible for the care of persons in Meigs County's custody. Additionally, Judge Stokes, upon information and belief, was personally involved in creating, authorizing, and implementing court policies and procedures for the Meigs County General Sessions Court.

16.     Judge Stokes is also sued in his personal as well as his official capacity. Plaintiff avers that Judge Stokes lacked jurisdiction to engage in some, if not all, of the acts and practices referenced herein and, accordingly, Judge Stokes was not cloaked with judicial immunity for his actions.

17.     Defendant Carol Petitt was, at all times relevant to the events giving rise to this Complaint, acting under the color of state law and her acts or omissions were in her capacity as the Probation Officer for Meigs County, Tennessee and her acts or omissions were conducted within the scope of her official duties or employment.

18.     Defendant Ben Christian was, at all times relevant to the events giving rise to this Complaint, acting under the color of state law and his acts or omissions were in his capacity as a Deputy of the Meigs County Sheriff's Department and his acts or omissions were conducted within the scope of his official duties or employment.

3

19.    Defendant Jackie Melton, was, at all times relevant to the events giving rise to this Complaint, acting under the color of state law and his acts or omissions were in his capacity as the Meigs County Sheriff, the supervisor for Defendant Christian and for the Meigs County Jail, and his acts or omissions were conducted within the scope of his official duties or employment pursuant to official department policy or decisions.

## FACTS

20.    On or about May 11, 2023, Plaintiff was a private citizen – not subject to the jurisdiction of any court - and had entered the second floor of the Meigs County Courthouse to conduct lawful, private business.

21.    Plaintiff was not compelled to be at the Meigs County Courthouse in response to any summons, warrant or other process issued by a court of law or law enforcement agency.

22.    Plaintiff was not engaged in any annoying, violent, threatening behavior inside the Meigs County Courthouse and was simply present in the hallway.

23.    Plaintiff was not instructed to vacate the Meigs County Courthouse, nor did she refuse to obey an official order to disperse.

24.    Plaintiff's peaceful and lawful presence in the hallway of the Meigs County Courthouse did not create a hazardous or physically offensive condition nor was Plaintiff making unreasonable noise which prevented the clerks, officers, or other citizens from carrying on routine business in the Megis County Courthouse on the day that the incident at issue occurred.

25.    While standing in the hallway outside of the General Sessions Courtroom in the Meigs County Courthouse, Plaintiff approached Defendant Christian, who she recognized as a Meigs County Sheriff's Deputy, to ask directions.

26.    While Plaintiff was engaged in conversation with Defendant Christian, a man stepped into the hallway from behind Defendant Christian from an alcove.

4

27.     Plaintiff now knows that the man was Judge Stokes.

28.     Judge Stokes was wearing street clothes – not a Judge's robe – and was obviously not conducting any official proceedings as the Meigs County General Sessions Judge in the hallway of the Meigs County Courthouse. Accordingly, Judge Stokes was not exercising any jurisdiction over the person of the Plaintiff and had no subject matter jurisdiction related to the Plaintiff which could have cloaked him with judicial immunity.

29.     Judge Stokes directed Defendant Christian to seize the Plaintiff, without probable cause, by loudly and publicly announcing that Plaintiff should be drug tested that he "guaranteed she would be dirty."

30.     Plaintiff, embarrassed and frighted, immediately collapsed in tears to the floor of the Meigs County Courthouse crying repeatedly "please do not do this."

31.     In response to Judge Stokes' directive, Defendant Christian immediately seized Plaintiff by grabbing her by the arm and pulling her up to a standing position.

32.     Plaintiff did not physically resist being seized by Defendant Christian or Defendant Petitt at Judge Stokes' directive.

33.     Defendant Christian did not make his own determination of whether there was probable cause for him to seize Plaintiff.

34.     Plaintiff, still crying, began asking why she was being seized, but Defendant Christian refused to respond to Plaintiff's questions.

35.     Defendant Petitt then seized Plaintiff, again without making her own determination of whether such seizure was lawful and required Plaintiff to go the ladies' restroom at the other end of the crowded hallway.

36.     Both Defendant Christian and Defendant Petitt entered the restroom with Plaintiff.

5

37.     Defendant Christian stood inside the ladies' restroom propping the door open to the crowded hallway outside with his foot while Defendant Petitt forced Plaintiff to produce a urine sample.

38.     Defendant Petitt instructed Plaintiff that she had "30-seconds" to provide the urine sample and began to "time" Plaintiff by counting.

39.     Plaintiff did not willingly consent to provide a urine sample.

40.     Plaintiff felt coerced, by the presence of Defendant Christian in the ladies' restroom, to provide the urine sample being demanded by Defendant Petitt.

41.     Neither Defendant Petitt nor Defendant Christian answered Plaintiff's continued tearful questions as to why she was in trouble, why she was being detained, or why she was being forced to produce a urine sample.

42.     Defendant Petitt looked at the cup containing Plaintiff's urine, announced Plaintiff was "positive", and promptly disposed of the sample and the container.

43.     Based solely upon this verbal announcement by Defendant Petitt, Defendant Christian immediately handcuffed Plaintiff while still inside the ladies' restroom without even the opportunity to wash her hands.

44.     Plaintiff would show that no officer or courthouse personnel had personally witnessed, nor been made aware of any behavior by Plaintiff that a reasonable officer would believe amounted to a crime being or about to be committed.

45.     Plaintiff avers that it would have been clear to any reasonable officer that Defendants' conduct was unlawful based upon a complete lack of probable cause to detain or arrest Plaintiff.

46.     Further, there was no probable cause for Judge Stokes, Defendant Christian or Defendant Petitt to require Plaintiff to provide a urine sample.

6

47. Based upon the verbal announcement by Defendant Petitt that Plaintiff's urine sample was "positive," Judge Stokes *sua sponte* entered the Judgment depicted below stating that the Plaintiff was in criminal contempt and ordered that she be incarcerated in the Meigs County Jail for a period of ten (10) days.

48.     Plaintiff would affirmatively state that a review of the Court's files indicates the complete absence of leading process, a complaint from any source, or any other pleadings bearing docket #2023CR158. Accordingly, Plaintiff was afforded no right of appeal.

49.     Plaintiff would further affirmatively state that the Judgment speaks for itself and reflects on its face clearly indicates that:

    a.   Defendant did not waive her right to attorney;

    b.   Defendant did not waive her right to a preliminary hearing;

    c.   Defendant did not enter a Not Guilty plea for her case to waived to the Grand Jury;

    d.   Defendant did enter a plea of guilty thereby waiving her right to face her accusor, examine the evidence against her, and offer a defense, including affirmative defenses;

    e.   Judge Stokes did not execute the acknowledgement that he personally advised the Defendant about her rights and her waiver of those rights or that he concluded that the Defendant understood the nature of the charge(s) as is required on the Judgment itself.

50.     Defendant Christian, acting as the arresting officer, transported Plaintiff to the Meigs County Jail without determining whether Plaintiff's initial seizure, subsequent detention, and arrest were lawful.

51.     Plaintiff was publicly humiliated.

52.     Upon arrival at the Meigs County Jail, the jail personnel acting under the direct supervision of Defendant Melton, booked Plaintiff into custody despite concerns by some of the jail staff regarding the legality of Plaintiff's initial detention and without any verification if Plaintiff was indeed, lawfully arrested or in contempt of court.

8

53.     The complete lack of evidence of any wrongdoing on behalf of Plaintiff prior to her unlawful seizure, detention, search, and arrest is further supported by the reason for her confinement being listed as "PRE TRIAL MISDEMEANOR."

54.     A redacted copy of Plaintiff's Booking Report is shown below.



## Meigs County Sheriff's Department
### Booking Report
#### ASHBROOK, HANNAH MARIE

| NameID: 41812 | Local Identifier: | CORIS ID: | Local Number: | Projected Release Date: 05/21/2023 |
|---|---|---|---|---|
| Security Class: | Booking Status: Released | Confined Date: 05/11/2023 13:50 | Released Date: 05/21/2023 00:01 | Confinement Reason: 1 | BookingID: 20065952 |
| Home Address: | | Home City: DECATUR | Home State: TN | Home Zip Code: 37322 |
| Race: White | Sex: Female | Eyes: Blue | Hair: Brown | | Complexion: Fair | Height: 5'09" | Weight: 112 |
| Date of Birth: | | Age: 25 | Place of Birth: | | | | |
| FBI Number: | | SID Number: | | | Military: Non-Military | Military Status: |
| SSN: | | Driver's Lic. Number: | DL State: TN | DL Class: | Home Phone: |



## Meigs County Sheriff's Department
### Booking Report
#### ASHBROOK, HANNAH MARIE

**Confinements:**

| Confinement Facility: Meigs | Confined Date/Time: 05/11/2023 13:50 | Held For Locality: Meigs | Housing Unit: | BookingID: 20065952 |
|---|---|---|---|---|
| Confine Reason: 1 - PRE TRIAL MISDEMEANOR | | | | |

Confinement Notes:
DESCRIPTION: RELEASE NOTES: 05/21/2023 AT 0800AM |

| Releasing Officer: Gregg, Timothy | Released Date/Time: 05/21/2023 00:01 | Released To: Street | | Juvenile When Booked: No |
|---|---|---|---|---|
| Release Reason: 2 - TIME SERVED | | | | |

Release Notes:

**Property Locations:**

| Booking Officer: HANEY, PORSCHE | Search Officer: HANEY, PORSCHE | Fingerprint Officer: DARNELL, LOU |
|---|---|---|

**Charges:**

| Jail Report 6 | Page 1 of 2 | Printed on: 03/06/2024 18:44 |
|---|---|---|

55. Plaintiff was incarcerated in Meigs County Jail for ten (10) consecutive days.

56. Plaintiff was not read her Miranda Rights.

57. Plaintiff was not requested by any of the Defendants to consent to a search and no written consent was signed by Defendant.

58. Plaintiff was not requested by any of the Defendants to consent to a drug screen.

59. Plaintiff was not arraigned or informed of the charges being alleged against her prior to being seized, forced to provide a urine sample, and being held without bond in the Meigs County Jail for ten (10) consecutive days.

60. Plaintiff avers that she was denied due process. Specifically, Plaintiff alleges that she was:

    a. Subjected to an unlawful seizure;

    b. Subjected to an unlawful search by being forced to provide a urine sample;

    c. Unlawfully detained and falsely imprisoned in the ladies' restroom;

    d. Arrested without probable cause;

    e. Denied notice of the charges against her;

    f. Denied bond;

    g. Denied the right to counsel;

    h. Denied the right to a hearing;

    i. Denied the right to face her accusor;

    j. Denied the opportunity to examine the evidence against her; and

    k. Denied the right to defend herself;

61. Plaintiff would show that she was not a party to any proceedings before the Meigs County General Sessions Court at the time of her seizure, at the time of her being compelled to provide a urine sample, or the issuance of the order of contempt causing her incarceration.

10

62. Plaintiff alleges that Judge Stokes and Defendant Meigs County, Tennessee, through its agents, create policy and/or engage in a pattern or practice of conduct which violates the Fourth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution.

63. Plaintiff further alleges that the policies and/or procedures implemented by Judge Stokes which are followed, permitted or tolerate by Meigs County, Tennessee have resulted in a failure to adequately train Defendants Christian and Petitt thereby resulting in a violation of Plaintiff's Constitutional Rights and her injury of being incarcerated after a warrantless, invalid arrest following Judge Stokes' finding Plaintiff in contempt of court without notice or a hearing.

64. The Constitution of United States of America protects people from being incarcerated without having committed a crime and without being given notice of the crime or offense he has allegedly committed and without being given the opportunity to defend himself.

65. Judges in the United States of America are prohibited from abusing the authority granted to them to cause individuals to suffer the loss of liberty without first affording them their Constitutional Rights guaranteed to them by the United States Constitution and the Tennessee Constitution.

## COUNT ONE
## FALSE ARREST IN VIOLATION OF THE FOURTH
## AND FOURTEENTH AMENDMENTS

66. Plaintiff realleges and incorporates by reference the allegations set forth above.

67. The Fourth Amendment of the U.S. Constitution protects citizens against unreasonable search and seizure by law enforcement officers.

68. The Fourteenth Amendment of the U.S. Constitution protects citizens against arbitrary deprivation of life, liberty, or property by the state.

69. The Fourth and Fourteenth Amendments prohibit arrest without probable cause.

11

70. Plaintiff was at the Meigs County Courthouse to conduct private, lawful business when she was incarcerated at the direction of Judge Stokes.

71. The Meigs County Courthouse is a public building to which private citizens, such as Plaintiff, are allowed to enter.

72. Plaintiff's peaceful presence in the hallway of the Meigs County Courthouse did not create an obstruction to the clerks, administrative officials, or other citizens' ability to conduct business.

73. At no time was Plaintiff informed that she needed to leave the Meigs County Courthouse due to disrupting official business.

74. Plaintiff did not have official business in front of Judge Stokes on the day in question nor was Plaintiff subject to any summons or warrant requiring her presence at the Meigs County Courthouse.

75. Judge Stokes did not have any direct interaction with Plaintiff of any kind and only "eyeballed" Plaintiff in the hallway of the Meigs County Courthouse.

76. Judge Stokes directed that Defendant Christian seize Plaintiff for the purposes of administering a drug test by loudly commenting that Plaintiff would test "dirty."

77. Any reasonable judicial officer would have known that seizing Plaintiff under these circumstances would violate Plaintiff's constitutional rights and abuse of their judicial authority.

78. Plaintiff collapsed to the ground, crying and humiliated, asking for help, but Defendant Christian seized Plaintiff by grabbing her arm and pulling her to her feet.

79. Upon information and belief, Defendant Meigs County's official policy and practices are so persistent and widespread to practically have the force of law that Judge Stokes is the "boss" of the Meigs County Courthouse with final decision-making authority resulting in

12

constitutional deprivations for its citizens such as Plaintiff because local law enforcement officers and other employees of Meigs County customarily follows verbal directives given by Judge Stokes without question.

80. Defendant Petitt seized Plaintiff without Plaintiff's consent at the directive of Judge Stokes and led her to the ladies' restroom accompanied by Defendant Christian without probable cause or a warrant to collect a urine sample.

81. Plaintiff was humiliated at the courthouse by her seizure, and no one could explain to Plaintiff why she was being seized and/or required to submit a urine sample.

82. Plaintiff did not physically resist the seizure by Defendant Christian or Defendant Petitt.

83. Defendant Petitt entered the restroom stall with Plaintiff and began counting down from 30 forcing Plaintiff to provide a urine sample under the door-watch by Defendant Christian without probable cause or a warrant.

84. Defendant Petitt and Defendant Christian willfully detained Plaintiff without Plaintiff's consent at the directive of Judge Stokes and conducted a search of her person by requiring her to provide a urine sample.

85. Plaintiff did not physically resist being detained for the forced urine sample by Defendants Petitt and Christian without her consent, probable cause or a warrant.

86. Defendant Christian immediately arrested and handcuffed Plaintiff without probable cause or a warrant after Defendant Petitt announced that Plaintiff was "positive."

87. Plaintiff avers that even if she was intoxicated as alleged – which she disputes – the Plaintiff had not engaged in any criminal conduct in the presence of any of the Defendants.

88. Although Plaintiff was never before the Meigs County General Sessions Court, Judge Stokes *sua sponte* entered a Judgment of contempt and sentenced Plaintiff to ten (10) days

13

in jail without issuing a warrant, without providing her notice, without a hearing, without setting bond, or without the opportunity for Plaintiff to have counsel represent her or defend the charges against her.

89.     By seizing Plaintiff without probable cause and detaining Plaintiff to forcibly obtain a urine sample, Defendants Christian and Petitt violated Plaintiff's Fourth and Fourteenth Amendment rights.

90.     At all times up to and through the arrest, Plaintiff was lawfully present at the courthouse and conducting herself peaceably.

91.     The lack of probable cause to seize and detain Plaintiff would have been evident to any reasonable person based upon the facts and circumstances within Defendants Christian's and Petitt's knowledge at the time.

92.     Judge Stokes did not witness Plaintiff break any law, nor did he have any reason to believe Plaintiff had broken any law.

93.     Defendant Christian nor Defendant Petitt did not witness Plaintiff break any law, nor did either have any reason to believe Plaintiff had broken any law.

94.     Plaintiff avers that there was no probable cause to seize or detain her and Defendant Christian and Defendant Petitt were acting solely based upon the verbal directive given by Judge Stokes.

95.     It is the directives, policies and procedures issued by Judge Stokes and/or Meigs County, Tennessee and/or the municipal training policies for Defendants Christian and Petitt causing them to have deliberate indifference to Plaintiff's Constitutional Rights resulting in her wrongful seizure, detention, arrest, and incarceration for ten (10) consecutive days.

96.     Plaintiff would show that she was sentenced to ten (10) consecutive days in jail without bond for "contempt" without ever being before the Meigs County General Sessions

Court and without being informed of the order, rule, or ordinance she was accused of violating, and without a judgment being entered against her showing a finding of guilt.

97.     Plaintiff avers that it is unclear whether the judgment which was hand-written by Judge Stokes was entered prior to or subsequent to her booking based upon the plain language on the face of the Booking Report indicating that the reason for her confinement was "PRE TRIAL MISDEMEANOR."

98.     Plaintiff affirmatively states that no citizen of the United States of America should be deprived of his liberty without knowing the reason for his incarceration.

99.     Defendant Meigs County, Tennessee and Defendant Melton's failure to properly train was inadequate in relation to the tasks that Defendant Christian and Defendant Petitt must perform in the arrest, collection of a urine sample, and administration of a drug test resulting in the deliberate indifference to Plaintiff's Constitutional Rights by blindly following a verbal directive from Judge Stokes - who disregarded the need for an actual crime to be committed before Plaintiff could be seized, detained, forcible searched in the form of obtaining a urine sample which was purportedly then screened for illegal substances.

100.     Plaintiff affirmatively states that being under the influence while in a public location is not, in and of itself, a criminal offense pursuant to *Tennessee Code Annotated §*39-17-310 absent the additional specific conduct prohibited in the statute.

101.     Plaintiff never consented to providing a urine sample or to having the collected sample tested; however, Plaintiff did not physically resist the authority of Defendants.

102.     Plaintiff would affirmatively state she had never been arrested prior to her incarceration at Judge Stokes' direction.

15

103.     Defendant Christian arrested and handcuffed Plaintiff without consent, without a warrant, and without a valid order based solely upon Defendant Petitt verbally stating Plaintiff's urine sample was purportedly "positive."

104.     Plaintiff avers that her warrantless arrest based upon allegedly "positive" drug screen of a urine sample taken without probable cause violated her Constitutional Rights.

105.     Defendant Meigs County, Tennessee and Judge Stokes through policy, practice or custom, acted in concert to create a legal fiction to find Plaintiff in contempt of court without notice, or a hearing, and sentencing her to serve a ten (10) day sentence in the Meigs County Jail in deliberate indifference to, and clear violation, of Plaintiff's Constitutional Rights.

106.     Plaintiff's ten (10) day incarceration was an unlawful restraint of her personal freedom and a clear violation of her Fourth Amendment Rights.

107.     As a direct and proximate result of the Defendants' unreasonable and unlawful actions, Plaintiff suffered from, and continues to suffer, past and future damages including, but not limited to, loss of income, emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

## COUNT TWO
## UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

108.     Plaintiff realleges and incorporates by reference the allegations set forth above.

109.     The Fourth Amendment of the United States of the U.S. Constitution protects the unlawful seizure of their persons by law enforcement officers.

110.     The Fourth Amendment prohibits law enforcement officers from seizing a citizen without legal justification.

111.     Defendant Christian seized Plaintiff by grabbing her arm and pulling her to her feet at the direction of Judge Stokes.

16

112.    Plaintiff had committed no crime nor was there a warrant or summons for her arrest.

113.    Defendant Petitt seized Plaintiff than lead her to the ladies' restroom to obtain a urine sample which Plaintiff did not consent to provide.

114.    At no time did Plaintiff believe that she was free to go.

115.    Plaintiff did not physically resist Defendant Christian or Defendant Petitt due to her perception of their authority as law enforcement officers.

116.    Defendant Petitt detained Plaintiff and coerced Plaintiff to provide a urine sample in a closed, tight, ladies' restroom stall with a male Sheriff's Deputy - Defendant Christian - standing guard inside the restroom with his foot propping the door open to the crowded hallway outside.

117.    Defendants Christian and Petitt further detained Plaintiff while waiting for Plaintiff to provide a urine sample.

118.    Defendant Christian subsequently arrested and handcuffed Plaintiff based upon Defendant Petitt announcing that Plaintiff's urine sample was "positive."

119.    Defendant Christan transported Plaintiff to the Meigs County Jail where Plaintiff was incarcerated for ten (10) consecutive days without probable cause, without a warrant, without bond, without legal counsel, and without a finding of guilt, and, upon information and belief, based merely on Judge Stokes' Judgment stating Plaintiff was in contempt which he issued *sua sponte* without notice or a hearing or Plaintiff ever being before the Court.

120.    Plaintiff avers that Judge Stokes lacked any jurisdiction over Plaintiff to issue any orders in his official capacity to have her seized, detained, searched, arrested, and confined to jail while he was socializing outside of the courtroom in the hallway of the Meigs County Courthouse and not conducting any official business of the Court.

17

121.    Defendant Melton, by policy or procedure, caused Plaintiff to be booked and incarcerated for ten (10) consecutive days without a warrant or valid court order.

122.    At no time was any of the Defendants able to articulate to Plaintiff why she was being asked to provide a urine sample without her consent or without a warrant.

123.    By following the policies and procedures created by Judge Stokes and/or Meigs County, Tennessee, Defendants each violated Plaintiff's Fourth and Sixth Amendment Rights by incarcerating her based upon a seizure of Plaintiff's bodily fluids without probable cause, without her consent and without a warrant.

124.    During all such times these Defendants knew or should have known that Defendant Stokes lacked jurisdiction to engage in such actions.

125.    Any reasonable police officer would have known that seizing Plaintiff under these circumstances would violate Plaintiff's Constitutional Rights.

126.    Certainly, any reasonable judicial officer who is also an experienced, licensed attorney, such as Judge Stokes, would have known that requiring Plaintiff to provide a urine sample for a drug test without consent, probable cause or a warrant would be a violation of her Constitutional Rights.

127.    As a direct and proximate result of Defendants' unlawful seizure, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including, but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

128.    Plaintiff is entitled to attorneys' fees and costs under 42 U.S.C. §1988, prejudgment interest, and costs allowable by federal law.

## COUNT THREE
## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

129.    Plaintiff realleges and incorporates by reference the allegations set forth above.

130.    The Fourth Amendment of the U.S. Constitution protects citizens against the use of excessive force by law enforcement officers.

131.    The use of force by Defendant Petitt requiring Plaintiff to provide a urine sample was excessive and in violation of Plaintiff's Constitutional Rights.

132.    Plaintiff was seized and forced to provide a urine sample based solely upon a verbal directive of Judge Stokes after having "eyeballed" Plaintiff in the hallway of the Meigs County Courthouse.

133.    At the time she was seized, Plaintiff presented no disturbance or threat to the public or law enforcement.

134.    At the time she was seized, Plaintiff was not before the Meigs County General Sessions Court nor did Plaintiff have any outstanding warrants for her arrest nor was she subject to a valid summons or subpoena compelling her presence at the Meigs County Courthouse.

135.    Plaintiff, humiliated and embarrassed, collapsed on the floor of the Meigs County Courthouse in tears and absolutely no one could answer her pleas to explain why Plaintiff was being seized or being forced to provide a urine sample.

136.    Plaintiff avers that Defendant Christian was motivated by malice when he seized Plaintiff at Judge Stokes' verbal directive.

137.    At no time did Defendant Christian evaluate if probable cause existed for him to detain Plaintiff.

138.    Defendant Christian followed Defendant Petitt and the Plaintiff into the ladies' restroom at Judge Stokes' direction to force Plaintiff to provide a urine sample.

19

139. Defendant Christian entered the ladies' restroom with Defendant Petitt and Plaintiff.

140. Defendant Christian did not intervene to prevent violations of the Plaintiff's Constitutional Rights when Defendant Petitt entered the ladies' restroom stall with Plaintiff and then forced Plaintiff to provide a urine sample under an arbitrary timed countdown.

141. At no time did Plaintiff consent to providing the urine sample, likewise, at no time did Plaintiff feel she free to leave or to refuse.

142. Plaintiff did not physically interfere with Defendants Christian and Petitt from carrying out Judge Stokes' directive.

143. Defendants were not legitimately exercising force in the performance of their duties in forcing Plaintiff to provide a urine sample at Judge Stokes' oral directive.

144. A Judgment was entered *sua sponte* by Judge Stokes against Plaintiff for "contempt in courtroom & hall high on Fentanyl & amphetamine etc." resulting in Plaintiff being arrested, handcuffed, sentenced to and serving ten (10) consecutive days incarceration despite Plaintiff having never entered the Meigs County General Sessions Courtroom, not being before the Meigs County General Sessions Court, no summons or warrant being issued.

145. Plaintiff again avers that it is unclear whether the Judgment which was hand-written by Judge Stokes was entered prior to or subsequent to her booking into the Meigs County Jail based upon the plain language on the face of the Booking Report indicating that the reason for Plaintiff's confinement was "PRE TRIAL MISDEMEANOR."

146. The policies and procedures implemented, followed, or tolerated by Judge Stokes and/or Meigs County, Tennessee caused Defendants Christian and Petitt to be improperly trained and to exhibit a deliberate indifference to Plaintiff's Constitutional Rights by blindly following verbal commands from Judge Stokes.

20

147. Plaintiff avers that at no time should a United States citizen enter a public courthouse to transact lawful business in any state in a peaceful, respectful manner to find themselves being forcibly hauled to a bathroom by law enforcement to submit to a warrantless search without their consent merely because a judge encounters the person in the public hallway and subjectively "thinks" the person may test "dirty."

148. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

149. Plaintiff is entitled to an award of attorneys' fees and costs under 42 U.S.C.§1988, prejudgment interest, and costs allowable by federal law.

## COUNT FOUR
### DENIAL OF THE RIGHT TO NOTICE AND COUNSEL
### IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITION

150. Plaintiff realleges and incorporates by reference the allegations set forth above.

151. Plaintiff entered the Meigs County Courthouse to conduct lawful business.

152. Plaintiff had no official business before any court and there was no outstanding summons, warrant or subpoena compelling Plaintiff's presence therefore Judge Stokes and the other Defendants lacked any jurisdiction over the person of the Plaintiff or over any subject matter in any way related to the Plaintiff or the events complained of herein.

153. Judge Stokes simply "eyeballed" Plaintiff peaceably standing in the hallway of the Meigs County Courthouse while asking directions from a Sheriff's Deputy and directed that Plaintiff be seized, detained, and forcibly required to provide a urine sample.

21

154.    At no time had anyone asked Plaintiff to vacate the Meigs County Courthouse or told her she was disturbing official business in any way.

155.    Plaintiff collapsed in tears on the floor of the Meigs County Courthouse when she realized that she was being detained and forced to provide a urine sample.

156.    Defendant Christian seized Plaintiff by grabbing her arm and pulling her up to a standing position from the courthouse floor.

157.    No one could explain to Plaintiff why she was seized or why she was being forced to submit a urine sample.

158.    Plaintiff never consented to providing a urine sample.

159.    No reasonable officer would have seized or detained Plaintiff under these facts.

160.    Defendant Petitt then seized Plaintiff and lead her to the ladies' restroom.

161.    Plaintiff did not physically resist Defendant Christian and Defendant Petitt.

162.    Defendant Christian and Defendant Petitt detained Plaintiff in the ladies' restroom while Defendant Petitt forced Plaintiff to provide a urine sample while Defendant Petitt stood over Plaintiff and timed her.

163.    Defendant Christian arrested and handcuffed Plaintiff after Defendant Petitt announced that Plaintiff was "positive."

164.    Judge Stokes *sua sponte* entered a Judgment against Plaintiff for "contempt in courtroom & hall high on Fentanyl & amphetamine, etc." despite Plaintiff never actually being in the Meigs County General Sessions Courtroom and without Plaintiff committing any crime or having any charges brought against her alleging that she had committed a crime.

165.    Plaintiff affirmatively states that even if she was intoxicated, being under the influence while in a public location is not, in and of itself, a criminal offense pursuant to

22

*Tennessee Code Annotated §39-17-310* absent the additional specific conduct prohibited in the statute.

166.    Judge Stokes' Judgment was an abuse of his judicial authority made possible only because he is cloaked with judicial power resulting in a violation of Plaintiff's Constitutional Rights.

167.    Nonetheless, Judge Stokes was not exercising any actual or substantive jurisdiction at the time he committed the acts complained of herein which occurred outside of the courtroom, in the hallway of the courthouse, while no cases were being heard or any procedures being conducted.

168.    Plaintiff was not a party, a witness nor a spectator to any case before the Court which would have subjected her to the summary contempt powers of the Meigs County General Sessions Court or Judge Stokes nor was Plaintiff in violation of any order of the Court.

169.    Judge Stokes did not bring Plaintiff before the Court for a hearing despite other official business being conducted that day in the Meigs County General Sessions Court.

170.    Plaintiff not only did not receive a hearing, but Plaintiff was also never advised why she was being seized or detained or subsequently arrested, handcuffed and incarcerated.

171.    Plaintiff was arrested by Defendant Christian and booked into the Meigs County Jail run by Defendant Melton without any independent determination if Plaintiff's warrantless arrest and subsequent incarceration was valid.

172.    Plaintiff asserts that the U.S. Constitution ensures that an accused contemnor is entitled to notice, a hearing, and to being advised of his right to representation by counsel and having an attorney appointed for him if he is unable to afford his own prior to incarceration.

173.    Plaintiff further avers that not only did Judge Stokes abuse his judicial authority to hold Plaintiff in contempt, but further asserts that Judge Stokes lacked authority as provided in

23

*Tennessee Code Annotated* §40-7-101 to place Plaintiff under a citizen's arrest because Plaintiff was not engaged in any of the conduct described in the statute to warrant an arrest by a private citizen.

174.     Plaintiff avers that Judge Stokes, as a judicial officer and an experienced licensed attorney, should be held to a higher standard than that of a private citizen or law enforcement officer.

175.     Any reasonable law enforcement personnel would have known under these facts that to sentence Plaintiff to ten (10) days incarceration without notice, hearing, bond, or counsel would violate Plaintiff's Constitutional Rights.

176.     Plaintiff asserts that certainly, Judge Stokes knew or reasonably should have known, that Plaintiff would be entitled to notice, hearing, bond, and counsel if Plaintiff was facing the possibility of incarceration.

177.     Defendant Meigs County, Tennessee's policy developed by either the County or with the assistance or at the directive of Judge Stokes of incarcerating citizens who are subjectively believed to be under the influence but who not violating any laws or otherwise engaged in any disruptive behavior violates the Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution.

178.     By their actions, inactions, customs, and practices as alleged herein, Defendants, all acting under color of law, have caused Plaintiff and other similarly situated persons to be incarcerated in violation of the right to notice, hearing, bond, and counsel guaranteed by the Sixth and Fourteenth Amendments of the U.S. Constitution, as enforced through 42 U.S.C. §1983 and other applicable law.

24

179. Plaintiff avers that each Defendant personally participated in the actions, failures to act, or implicitly authorized, approved or knowingly acquiesced, tolerated, or failed to remedy the wrongs at issue.

180. As a direct and proximate result of Defendants' failure to provide notice, hearing, bond, and counsel for contempt proceedings which could lead to a loss of liberty, Plaintiff was wrongfully deprived of her liberty.

181. Plaintiff asserts that, absent this Court's intervention, Defendants will continue to violate Plaintiff's rights, and others similarly situated as Plaintiff, in the manner described herein.

182. As a direct and proximate cause of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

**COUNT FIVE**
**DENIAL OF DUE PROCESS IN VIOLATION OF**
**FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND**
**THE TENNESSEE CONSTITUTION**

183. Plaintiff realleges and incorporates by reference the allegations set forth above.

184. Plaintiff was incarcerated for ten (10) consecutive days based upon a Judgment of "contempt" without notice, hearing, bond, or the benefit of counsel in violation of the due process and equal protection clauses in the U.S. and Tennessee Constitutions.

185. Plaintiff entered the Meigs County Courthouse, a public building, to transact legitimate business.

186. Plaintiff was peacefully standing in the hallway of the Meigs County Courthouse asking a Sheriff's Deputy directions.

25

187.     Plaintiff asserts that that Judge Stokes, subjectively surmised in his personal subjective opinion that, despite Plaintiff not violating any laws, ordinances, or court orders, she appeared to be under the influence.

188.     Plaintiff would show that Judge Stokes forced Plaintiff to be seized by Defendant Christian.

189.     Plaintiff would show that Judge Stokes forced Plaintiff to provide a urine sample in the presence of Defendant Petitt while Defendant Christian stood mere feet away inside the ladies' restroom while holding the door open to the crowded public hallway with his foot.

190.     At no time had Plaintiff been asked to vacate the Meigs County Courthouse, nor was her presence compelled by a warrant, summons, or subpoena.

191.     Further, Plaintiff herself had not been charged with any crime.

192.     Judge Stokes' Judgment of "contempt" was based solely upon Defendant Petitt's verbal report that Plaintiff's forced urine sample was "positive" without a hearing and without the Defendant even entering the courtroom for any proceeding.

193.     Plaintiff was then arrested, handcuffed, transported and booked into the Meigs County Jail where she served ten (10) consecutive days in jail without notice, without a hearing, without bond, and without legal counsel.

194.     Upon information and belief, Defendant Megis County's official policy and practices are so persistent and widespread as to practically have the force of law which have the effect of making Judge Stokes the "boss" of the Meigs County Courthouse with final decision-making authority resulting in constitutional deprivations for citizens such as Plaintiff because local law enforcement customarily follow directives given by Judge Stokes without question.

195.     As a direct and proximate result of the Defendants' wrongful actions and practices, Plaintiff was wrongfully deprived of her liberty.

26

196.     Plaintiff avers that absent this Court's intervention Defendants will continue to violate Plaintiff's rights in the manner described herein.

197.     As a direct and proximate cause of Defendants' actions, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

## COUNT SIX
## STATE LAW – FALSE ARREST

198.     Plaintiff realleges and incorporates by reference the allegations set forth above.

199.     Plaintiff's arrest by Defendants was unlawful because there was no probable cause for the warrantless arrest.

200.     Defendants arrested Plaintiff upon the verbal command Judge Stokes which was later characterized as a Judgment of contempt.

201.     Defendants had no reasonable basis to believe that Plaintiff had violated any state law.

202.     Defendants knew Plaintiff was not before the Court and, therefore, Judge Stokes lacked jurisdiction and judicial authority to issue the contempt order.

203.     Likewise, Defendants knew that without Plaintiff being before the court, Judge Stokes lacked authority to order Defendant Petitt to forcibly detain Plaintiff and obtain a urine sample.

204.     Defendants did not have sufficient cause to arrest Plaintiff and deprive her of her liberty.

27

205.    The facts and circumstances within Defendants' knowledge during their interaction with Plaintiff would not have caused a reasonable person to conclude that Plaintiff had committed or was in the process of committing any offense.

206.    As a direct and proximate cause of Defendants' false arrest, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including but not limited to, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

**COUNT SEVEN**
**STATE LAW – FALSE IMPRISONMENT**

207.    Plaintiff realleges and incorporates by reference the allegations set forth above.

208.    Plaintiff who was peaceably present in the hallway of the Meigs County Courthouse was detained at the verbal direction of Judge Stokes – who was also in the hallway - without any notice, without warning of any violation of local rule, ordinance or state law.

209.    Defendant Christian, at the oral direction of Judge Stokes, seized Plaintiff.

210.    Defendant Christian and Defendant Petitt detained Plaintiff and forcibly required her to provide a urine sample.

211.    Plaintiff reasonably believed she was not free to leave the Megis County Courthouse or to refuse the search.

212.    Plaintiff did not resist Defendants but began crying when Plaintiff realized she was not free to leave and was required to provide a urine sample against her will.

213.    Judge Stokes later caused a Judgment to be entered holding Plaintiff in "contempt in courtoom & hall high on Fentanyl & amphetamine etc." sentencing Plaintiff to ten (10) days in jail with no notice, no hearing, no bond, and no counsel.

28

214.   Plaintiff was arrested, handcuffed, and transported to Meigs County Jail and held there for ten (10) days without probable cause for her arrest or without being in contempt of court.

215.   Plaintiff's detention was clearly unlawful and a complete deprivation of her liberty.

216.   Defendants created this unlawful incarceration by seizing, detaining, searching, and arresting Plaintiff without probable cause and against her will.

217.   As a direct and proximate result of Defendants' unlawful incarceration, Plaintiff has suffered, and continues to suffer, substantial past and future damages, including but not limited to, loss of income severe emotional distress, mental anguish, embarrassment, humiliation, and/or physical pain and suffering.

218.   In addition to the violations of Plaintiff's Constitutional Rights and the inequities she has suffered, because Plaintiff was wrongfully incarcerated for ten (10) consecutive days, she was denied her right to appeal the unlawful Judgment entered by Judge Stokes resulting in the judgment becoming final.

219.   Plaintiff has suffered further damages as a judgment of contempt is not subject to expungement or diversion.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

1.   Process issue and be served upon each of the Defendants and each be required to answer as required by law;

2.   That upon a hearing in this matter, the Court find that the Defendants have engaged in a pattern or practice of conduct which deprives persons of rights, privileges, or immunities secured or protected by the U.S. Constitution and Tennessee Constitution;

29

3.      This Court declare that the pattern or practice of conduct adopted by Defendants results in improper training or the failure to properly train local law enforcement which amounts to a deliberate indifference to individual constitutional rights which would not otherwise occur;

4.      That this Court Order the Defendant, Meigs County, Tennessee, its officers, agents, and employees to refrain from engaging in any of the predicate acts forming the basis of the pattern or practice of conduct described herein;

5.      That this Court issue an order requiring the Defendant, Meigs County, Tennessee, its officers, agents, and employees to adopt and implement policies, procedures, and mechanisms that identify, correct, and prevent the unlawful conduct described herein which deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States;

6.      That Plaintiff have and recover a judgment for compensatory damages, including general and special damages, according to proof;

7.      That Plaintiff have and recover a judgment for punitive damages pursuant to 42 U.S.C. §1983, the *Tennessee Code,* and any other applicable laws or statutes, in an amount sufficient to deter future conduct by Defendants of the nature alleged in this Complaint;

8.      That Plaintiff have and recover a judgment for statutory damages, according to proof;

9.      That Plaintiff have and recover a judgment for prejudgment interest according to proof;

10.     That this Court award Plaintiff such other and further relief as may be appropriate and as the interests of justice may require.

11.     PLAINTIFF DEMANDS A JURY.

Respectfully submitted,
HANNAH ASHBROOK, Plaintiff
by her attorneys,

CHANCEY-KANAVOS

BY:     /s/ G. Scott Kanavos
        /s/ H. Franklin Chancey
        G. SCOTT KANAVOS, BPR #013292
        H. FRANKLIN CHANCEY, BPR #013187
        P.O. Box 42
        Cleveland, TN 37364
        (423) 479-9186
        scott@cklplaw.com
        franklin@cklplaw.com