# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

**HANNAH ASHBROOK,**

     **Plaintiff,**

**v.**

                                 **Case No.:  1:24-cv-00165**

**MEIGS COUNTY, TENNESSEE,**
**STATE OF TENNESSEE,**
**CASEY STOKES, in his individual and**
**official capacity;**
**CAROL PETITT, in her capacity as the**
**Meigs County Probation Officer;**
**JACKIE MELTON, in his official capacity**
**as Sheriff and Supervisor of the Meigs County**
**Jail; and BEN CHRISTIAN, in his official**
**Capacity as a Meigs County Sheriff's Deputy;**

     **Defendants.**

---

## ANSWER OF DEFENDANTS

---

Defendants Meigs County, Tennessee, Casey Stokes, Carol Petitt, Jackie Melton and Ben Christian[1], by and through undersigned counsel, respectfully answer the Complaint filed against them, as follows:

1.     Answering the allegations contained in paragraph 1 of Plaintiff's Complaint, jurisdiction is not disputed. Defendants deny liability to the Plaintiff.

2.     Answering the allegations contained in paragraph 2 of Plaintiff's Complaint, these Defendants do not dispute that should Plaintiff be able to establish the elements of

---

[1]    It is respectfully submitted that Defendants Petitt, Melton and Christian are sued in their official capacity only under state and federal law.  Judge Stokes is also sued in his official capacity under state and federal law, and therefore, all such cases are simply another way of pleading an action against Meigs County, Tennessee.  Plaintiff does sue Judge Stokes individually, but as demonstrated in this Answer, and through discovery, Plaintiff's action against Judge Stokes is not only frivolous, but barred by immunity.

1

submittal jurisdiction, this Court can in its discretion exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. Defendants deny liability to the Plaintiff.

3.     Answering the allegations contained in paragraph 3 of Plaintiff's Complaint, venue is not disputed. Yet, Defendants deny liability to the Plaintiff.

4.     The allegations contained in paragraph 4 of Plaintiff's Complaint do not require an answer from these Defendants. Defendants, however, aver that Plaintiff's action fails to state a claim against any of them pursuant to either state or federal law.

5.     The allegations contained in paragraph 4 of Plaintiff's Complaint do not require an answer from these Defendants. Defendants, however, aver that Plaintiff's action fails to state a claim against any of them pursuant to either state or federal law.

6.     The allegations contained in paragraph 4 of Plaintiff's Complaint do not require an answer from these Defendants. Defendants, however, aver that Plaintiff's action fails to state a claim against any of them pursuant to either state or federal law.

7.     These Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint, and accordingly the allegations are placed at issue.

8.     The allegations contained in paragraph 8 of Plaintiff's Complaint are admitted.  Defendants deny any liability to the Plaintiff.

9.     Answering the allegations contained in paragraph 9 of Plaintiff's Complaint, it is admitted that Meigs County, Tennessee funds and operates through designated agencies various departments within the county.

10.    The allegations contained in paragraph 10 of Plaintiff's Complaint are admitted.  These Defendants deny any liability to Plaintiff under either state or federal law.  Moreover, this Defendant is sued officially only under state and federal law.

2

11.     The allegations contained in paragraph 11 of Plaintiff's Complaint are admitted. It is admitted that this Defendant is sued officially only under state and federal law. These Defendants deny any liability to the Plaintiff.

12.     The allegations contained in paragraph 12 of Plaintiff's Complaint are admitted. It is admitted that this Defendant is sued officially only under state and federal law. These Defendants deny any liability to the Plaintiff.

13.     Answering the allegations contained in paragraph 13 of Plaintiff's Complaint, these Defendants admit only that Meigs County, Tennessee is a is a local government unit organized under the State of Tennessee. It is admitted that under certain circumstances, Meigs County, Tennessee may be made a defendant under 42 U.S.C. §1983. This Defendant denies liability to the Plaintiff under state or federal law.

14.     Answering the allegations contained in paragraph 14 of Plaintiff's Complaint, it is admitted at all times material herein, Casey Stokes was the Judge of the General Sessions Court for Meigs County, Tennessee. This Defendant denies any liability to the Plaintiff and avers that Plaintiff's claim is meritless. Moreover, as stated below in this Answer, Defendant Stokes is entitled to absolute immunity.

15.     Answering the allegations contained in paragraph 15 of Plaintiff's Complaint, this Defendant admits only that Judge Stokes is a county employee. Defendants fail to understand what is meant by the averments of paragraph 15 which are made by the Plaintiff. Judge Stokes not only denies any liability to the Plaintiff under state or federal law, Defendant Stokes avers that Plaintiff's action is baseless, meritless, and barred by immunity.

16.     Answering the allegations contained in paragraph 16 of Plaintiff's Complaint, Defendants admit only that Judge Stokes has been named individually and in

3

his official capacity. The remaining allegations contained in paragraph 16 of Plaintiff's Complaint are denied. Defendants aver that Plaintiff's action is baseless, meritless, and that Judge Stokes is clearly entitled to judicial immunity.

17. Answering the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendants concede Defendant Petitt was at all times acting under color of law in her capacity as a probation officer for Meigs County, Tennessee. Defendants aver the Ms. Petitt is sued officially only. Defendants deny liability to the Plaintiff under state or federal law. Further, Defendant Petitt, is quasi-judicial immunity.

18. Answering the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendants admit only that at all times material herein, Mr. Christian acted under color of state law as a deputy with the of Sheriff's Department of Meigs County, Tennessee. Defendants aver Mr. Christian is sued only under state or federal law. Defendants aver that Plaintiff's action against Mr. Christian, and all other Defendants, is baseless and meritless under state and federal law.

19. Answering the allegations contained in paragraph 19 of Plaintiff's Complaint, as it admitted that Sheriff Melton acted under color of law and is sued officially only. Defendants aver that Plaintiff's action is baseless and meritless. Defendants deny Plaintiff is entitled to liability under state or federal law.

20. Answering the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendants admit only that Plaintiff was a private citizen appearing in court with another individual on May 11, 2023. The remaining allegations contained in paragraph 20 of Plaintiff's Complaint are denied.

21. Answering the allegations contained in paragraph 21 of Plaintiff's Complaint, Defendants concede that Plaintiff had no business on the day in question at

4

the courthouse of Meigs County, Tennessee. Plaintiff voluntarily chose to appear in Judge Stokes' courtroom to accompany another individual who was on the docket sheet to be heard for various criminal offenses.

22.     The allegations contained in paragraph 22 of Plaintiff's Complaint are denied. Plaintiff, and the individual she accompanied, were at all times material herein, in the courtroom of the General Sessions Court for Meigs County, Tennessee, and repeatedly engaged in conduct inconsistent with the decorum of the Sessions Court for Meigs County, Tennessee, as well as the decorum of any other public place. Plaintiff, as well as the individual she accompanied, were repeatedly asked not to engage in conduct clearly violating the decorum of the Sessions Court for Meigs County, Tennessee, but Plaintiff and the person she accompanied continued to disrupt all business being conducted in the General Sessions Court for Meigs County, Tennessee. Defendants deny any liability to Plaintiff.

23.     The allegations contained in paragraph 23 of Plaintiff's Complaint are denied.  Yet, it is avered that Plaintiff was never requested to unilaterally vacate the building. Defendants deny any liability to Plaintiff.

24.     These Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.  Defendants deny any liability to Plaintiff.

25.     These Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.  Defendants deny any liability to Plaintiff.

26.     These Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.  Defendants deny any liability to Plaintiff.

27.     These Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.  Defendants deny any liability to Plaintiff.

5

28.     These Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.  As stated in response to paragraph 22 of Plaintiff's Complaint, at all times material herein, Plaintiff was inside the courtroom as well as the hallway, of the General Sessions Court for Meigs County, Tennessee, and clearly under the influence of methamphetamine, fentanyl, alcohol, and other illegal substances. Plaintiff continued, despite being requested to cease her conduct, to interrupt legitimate court business. Defendants deny any liability to Plaintiff.

29.     The allegations contained in paragraph 29 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

30.     The allegations contained in paragraph 30 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

31.     The allegations contained in paragraph 31 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

32.     The allegations contained in paragraph 32 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

33.     The allegations contained in paragraph 33 of Plaintiff's Complaint are denied. Mr. Christian, as well as all other attendees in the Sessions Court for Meigs County, Tennessee, recognized that Plaintiff was clearly under the influence of illegal substances, and repeatedly engaged in conduct which disrupted the ongoing business of the Sessions Court for Meigs County, Tennessee. Probable cause existed to arrest Plaintiff for a multiplicity of offenses under Tennessee law and under all laws which apply to conduct expected of attendees in courtrooms or within earshot of the courtroom in the State of Tennessee, and other states.  Defendants deny any liability to the Plaintiff.

34.     The allegations contained in paragraph 34 of Plaintiff's Complaint are

denied. Defendants deny any liability to the Plaintiff.

35.     The allegations contained in paragraph 35 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

36.     The allegations contained in paragraph 36 of Plaintiff's Complaint are denied. Mr. Christian did not enter the restroom with Plaintiff.  Such allegation is totally baseless and meritless.  Defendants deny any liability to the Plaintiff.

37.     The allegations contained in paragraph 37 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

38.     The allegations contained in paragraph 38 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

39.     The allegations contained in paragraph 39 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are denied. Defendants deny any liability to the Plaintiff.

42.     The allegations contained in paragraph 42 of Plaintiff's Complaint are denied. By way of explanation, Plaintiff was lawfully administered a urine test which Plaintiff voluntarily agreed to take, was positive for the presence of fentanyl, methamphetamine and alcohol. All substances were completely consistent with Plaintiff's presence in the General Sessions Court for Meigs County, Tennessee, and, upon information and belief, possibly explain Plaintiff's gross misconduct with the individual she accompanied to the General Sessions Court for Meigs County, Tennessee. Absolutely nothing was violative of Plaintiff's federal constitutional rights or state law. Defendants

7

deny any liability to Plaintiff under state and federal law.

43. The allegations contained in paragraph 43 of Plaintiff's Complaint are denied. Candidly, despite Plaintiff's conduct, and voluntary decision to intoxicate herself with illegal substances, and certainly substances that had no place in the General Sessions Court for Meigs County, Tennessee, Plaintiff was escorted into the court room after her positive, voluntarily taken, and lawfully administered drug test, where she was sentenced for contempt.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

45. The allegations contained in paragraph 45 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

46. The allegations contained in paragraph 46 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

47. Answering the allegations contained in paragraph 47 of Plaintiff's Complaint, Defendants admit only that the form referenced on page 7 and paragraph 47 of Plaintiff's Complaint was completed by Judge Stokes after Plaintiff was repeatedly warned about her behavior, had been administered a drug test in which she voluntarily agreed to take, was positive for illegal substances and refused to engage in disruptive conduct which was violative of general courtroom demeanor throughout the State of Tennessee and other states.

48. The allegations contained in paragraph 48 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

49. The allegations contained in paragraph 49 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

8

50.     Answering the allegations contained in paragraph 50 of Plaintiff's Complaint, Defendants admit only that Plaintiff was lawfully transported to the detention facility for Meigs County, Tennessee as a result of her conduct. All allegations inconsistent with the foregoing are denied.

51.     Answering the allegations contained in paragraph 51 of Plaintiff's Complaint, Defendants deny humiliating Plaintiff. Plaintiff humiliated herself by her own repeated conduct while persons with legitimate business in the courthouse and in this General Sessions Court for Megis County, Tennessee, could not carry on legitimate activities due to Plaintiff's intoxication.

52.     Answering the allegations contained in paragraph 52 of Plaintiff's Complaint, no dispute exists that Plaintiff was lawfully and legitimately booked into the detention facility for Meigs County, Tennessee. The remaining allegations contained in paragraph 52 of Plaintiff's Complaint are denied.

53.     The allegations contained in paragraph 53 of Plaintiff's Complaint are denied with the exception that the documents indicated by the detention facility of Meigs County, Tennessee, as well as the Sheriff's Department of Meigs County, Tennessee, speak for themselves. Defendants deny any liability to the Plaintiff.

54.     The allegations contained in paragraph 54 of Plaintiff's Complaint speak for themselves without any answer from these Defendants. Defendants deny any liability to Plaintiff under state or federal law.

55.     The allegations contained in paragraph 55 of Plaintiff's Complaint are admitted.  Defendants deny any liability to Plaintiff under state or federal law.

56.     The allegations contained in paragraph 56 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

9

57.     The allegations contained in paragraph 57 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

58.     The allegations contained in paragraph 58 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

59.     The allegations contained in paragraph 59 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

60.     The allegations contained in paragraph 60 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

61.     Answering the allegations contained in paragraph 61 of Plaintiff's Complaint, Defendants admit only that Plaintiff was not, when she entered the Sessions Court for Meigs County, Tennessee, on the court's docket. Yet, as repeatedly stated in this Answer, Plaintiff engaged in a multiplicity of actions which brought her within the jurisdiction of the Court and all lawful authorities of Meigs County, Tennessee.

62.     The allegations contained in paragraph 62 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

63.     The allegations contained in paragraph 63 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

64.     The allegations contained in paragraph 64 of Plaintiff's Complaint are denied.  By way of explanation, Defendants concede that the Constitution of the United States protects individuals from being incarcerated without committing a crime. However, that has no applicability to the facts and circumstances of this case.

65.     Answering the allegations contained in paragraph 65 of Plaintiff's Complaint, it is admitted that judges in the United States are prohibited from abusing the authority granted to them. However, at no time did Judge Stokes or anyone else abuse

10

any authority of or related to the Plaintiff.

66.    Defendants incorporate by reference their answers to paragraphs 1 through 65 of the Plaintiff's Complaint.

67.    The allegations contained in paragraph 67 of Plaintiff's Complaint are generally admitted.

68.    The allegations contained in paragraph 68 of Plaintiff's Complaint are generally admitted.

69.    The allegations contained in paragraph 69 of Plaintiff's Complaint are generally admitted.

70.    The allegations contained in paragraph 70 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

71.    Answering the allegations contained in paragraph 71 of Plaintiff's Complaint, Defendants admit that the courthouse is a public building and private citizens are allowed to enter subject to all reasonable administrative procedures. Yet, Plaintiff at no point, arrived at the Meigs County Courthouse to conduct any legitimate business. And, in fact, Plaintiff engaged in multiple acts of misconduct which justified her incarceration.

72.    The allegations contained in paragraph 72 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

73.    The allegations contained in paragraph 73 of Plaintiff's Complaint are denied.  Defendants aver Plaintiff was informed that she needed to cease her disruptive conduct.  Defendants deny any liability to Plaintiff.

74.    Answering the allegations contained in paragraph 74 of Plaintiff's Complaint, Defendants admit that Plaintiff was not on the docket sheet or to conduct any

11

legitimate business for General Sessions Court for Meigs County, Tennessee on May 11, 2023. Yet, Plaintiff still appeared accompanying another individual who was on the docket sheet, or to conduct any legitimate business in the General Sessions Court for Meigs County, Tennessee on May 11, 2023 or in any other area of the building, and continued to engage in multiple acts of misconduct justifying her arrest and incarceration. Defendants deny any liability to Plaintiff.

75.    The allegations contained in paragraph 75 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

76.    The allegations contained in paragraph 76 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

77.    The allegations contained in paragraph 77 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

78.    The allegations contained in paragraph 78 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

79.    The allegations contained in paragraph 79 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

80.    The allegations contained in paragraph 80 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

81.    The allegations contained in paragraph 81 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

82.    The allegations contained in paragraph 82 of Plaintiff's Complaint are denied. Defendants aver that Plaintiff did not resist the seizure and voluntarily took the urine test which showed the presence of illegal substances. Defendants deny any liability to Plaintiff.

83.     The allegations contained in paragraph 83 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

84.     The allegations contained in paragraph 84 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

85.     The allegations contained in paragraph 85 of Plaintiff's Complaint are denied.  Yet, it is specifically denied that the obtaining of the urine sample was in any way forced. Defendants deny any liability to Plaintiff.

86.     The allegations contained in paragraph 86 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

87.     The allegations contained in paragraph 87 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

88.     The allegations contained in paragraph 88 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

89.     The allegations contained in paragraph 89 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

90.     The allegations contained in paragraph 90 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

91.     The allegations contained in paragraph 91 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

92.     The allegations contained in paragraph 92 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

93.     The allegations contained in paragraph 93 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

94.     The allegations contained in paragraph 94 of Plaintiff's Complaint are

13

denied. Defendants deny any liability to Plaintiff.

95. The allegations contained in paragraph 95 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

96. Answering the allegations contained in paragraph 96 of Plaintiff's Complaint, it is admitted that Plaintiff was legitimately and lawfully incarcerated for 10 days as a result of her multiple acts of contempt, as well as her multiple violations of Tennessee law. The remaining allegations contained in paragraph 96 of Plaintiff's Complaint are denied.

97. The allegations contained in paragraph 97 of Plaintiff's Complaint are denied. Defendants do aver that the forms of the detention facility of Meigs County, Tennessee and/or the Sheriff's Department of Meigs County, Tennessee, speak for themselves. Defendants deny any liability to plaintiff under state or federal law.

98. The allegations contained in paragraph 98 of Plaintiff's Complaint are generally admitted. Yet, this is not the case for the Plaintiff as she well knew and it was made clear that her conduct was totally inconsistent with courtroom decorum or the decorum of any other public place, as well as the fact that Plaintiff certainly knew that she was clearly under the influence of illegal substances.

99. The allegations contained in paragraph 99 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

100. The allegations contained in paragraph 100 of Plaintiff's Complaint do not require an answer from these Defendants, and therefore no answer is warranted and none is given. Defendants do aver that multiple reasons existed for Plaintiff's arrest and incarceration.

101. The allegations contained in paragraph 101 of Plaintiff's Complaint are

14

denied. Defendants deny any liability to Plaintiff.

102. Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 102, and accordingly, the allegations are placed at issue.

103. The allegations contained in paragraph 103 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

104. The allegations contained in paragraph 104 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

105. The allegations contained in paragraph 105 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

106. The allegations contained in paragraph 106 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

107. The allegations contained in paragraph 107 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

108. Defendants incorporate by reference the response to the preceding allegations as if fully and completely set forth herein.

109. The allegations contained in paragraph 109 of Plaintiff's Complaint are generally admitted. Yet, at no time were Plaintiff's federal constitutional rights violated.

110. The allegations contained in paragraph 110 of Plaintiff's Complaint are generally admitted. However, at no time was Plaintiff's federal constitutional rights violated.

111. The allegations contained in paragraph 111 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

112. The allegations contained in paragraph 112 of Plaintiff's Complaint are

15

denied. Defendants deny any liability to Plaintiff.

113.    The allegations contained in paragraph 113 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

114.    Defendants are without sufficient knowledge or information to admit or deny the allegations contained in paragraph 114 of Plaintiff's Complaint, and, accordingly, the allegations are placed at issue.

115.    The allegations contained in paragraph 115 of Plaintiff's Complaint are denied. Again, Defendants deny Plaintiff resisted and, in fact, voluntarily submitted to the urine test which was positive for illegal substances. Defendants deny any liability to Plaintiff.

116.    The allegations contained in paragraph 116 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

117.    The allegations contained in paragraph 117 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

118.    The allegations contained in paragraph 118 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

119.    Answering the allegations contained in paragraph 119 of Plaintiff's Complaint, it is admitted that Plaintiff was lawfully transported to the detention facility for Meigs County, Tennessee and/or the Sheriff's Department for Meigs County, Tennessee, where she was incarcerated. The remaining allegations in paragraph 119 of Plaintiff's Complaint are denied.

120.    The allegations contained in paragraph 120 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

121.    The allegations contained in paragraph 121 of Plaintiff's Complaint are

denied.  Defendants deny any liability to Plaintiff.

122.    The allegations contained in paragraph 122 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

123.    The allegations contained in paragraph 123 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

124.    The allegations contained in paragraph 124 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

125.    The allegations contained in paragraph 125 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

126.    The allegations contained in paragraph 126 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

127.    The allegations contained in paragraph 127 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

128.    The allegations contained in paragraph 128 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

129.    Defendants incorporate by reference their responses to the preceding paragraphs as if fully and completely set forth herein.

130.    The allegations contained in paragraph 130 of Plaintiff's Complaint are generally admitted. However, Plaintiff did not sustain a violation of her federal constitutional rights. Defendants deny any liability to Plaintiff under state or federal law.

131.    The allegations contained in paragraph 131 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

132.    The allegations contained in paragraph 132 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

17

133. The allegations contained in paragraph 133 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

134. The allegations contained in paragraph 134 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

135. The allegations contained in paragraph 135 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

136. The allegations contained in paragraph 136 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

137. The allegations contained in paragraph 137 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

138. The allegations contained in paragraph 138 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

139. The allegations contained in paragraph 139 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

140. The allegations contained in paragraph 140 of Plaintiff's Complaint are denied. At no time was Plaintiff's federal constitutional rights violated.

141. The allegations contained in paragraph 141 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

142. The allegations contained in paragraph 142 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

143. The allegations contained in paragraph 143 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

144. Answering the allegations contained in paragraph 144 of Plaintiff's Complaint, Judge Stokes lawfully entered a judgment against the Plaintiff for contempt

18

after multiple acts of misconduct and further, the fact that Plaintiff was clearly under the influence of illegal substances. The remaining allegations contained in paragraph 144 of Plaintiff's Complaint are denied.

145. Answering the allegations contained in paragraph 145 of Plaintiff's Complaint, Plaintiff's arrest and incarceration as a result of multiple acts of misconduct in the General Sessions Court for Meigs County, Tennessee, clearly supported her arrest and incarceration. The language on any document possessed by the detention facility of Meigs County, Tennessee, or the Sheriff's Department of Meigs County, Tennessee, speaks for itself. Defendants deny any liability to the Plaintiff under state and federal law.

146. The allegations contained in paragraph 146 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

147. The allegations contained in paragraph 147 of plaintiff's Complaint are denied in that it clearly did not occur in this action and Plaintiff is well aware that it did not occur in this action.

148. The allegations contained in paragraph 148 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

149. The allegations contained in paragraph 149 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

150. Defendants incorporate by reference the preceding responses as if fully and completely set forth herein.

151. The allegations contained in paragraph 151 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

152. Answering the allegations contained in paragraph 152 of Plaintiff's Complaint, it is admitted that Plaintiff was not on the docket sheet for May 11, 2023 but

19

accompanied another individual that was, when she engaged in acts of misconduct after being made aware not to engage in such acts of misconduct, clearly constituting the rationale for her arrest and incarceration. Defendants deny any liability to Plaintiff under state or federal law.

153.    Answering the allegations contained in paragraph 153 of Plaintiff's Complaint, it is admitted Judge Stokes witnessed multiple acts of misconduct and requested Plaintiff cease her multiple acts of its misconduct. It is denied that Judge Stokes was the only individual that witnessed Plaintiff's multiple acts of misconduct. Defendants aver that probable cause clearly existed for Plaintiff's arrest and incarceration. Defendants deny any liability to the plaintiff under state or federal law.

154.    The allegations contained in paragraph 154 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

155.    The allegations contained in paragraph 155 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

156.    The allegations contained in paragraph 156 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

157.    The allegations contained in paragraph 157 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

158.    The allegations contained in paragraph 158 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

159.    The allegations contained in paragraph 159 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

160.    The allegations contained in paragraph 160 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

161. The allegations contained in paragraph 161 of Plaintiff's Complaint are denied. Again, Defendants deny Plaintiff resisted and, in fact, voluntarily submitted to the urine test which was positive for illegal substances. Defendants deny any liability to Plaintiff.

162. The allegations contained in paragraph 162 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

163. The allegations contained in paragraph 163 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

164. Defendants aver that the judgment executed lawfully finding Plaintiff in contempt speaks for itself without requiring an answer from these Defendants. Defendants deny any liability to the plaintiff under state or federal law.

165. The allegations contained in paragraph 165 of Plaintiff's Complaint do not require an answer from these Defendants, and, accordingly, no answer is warranted and none is given. Defendants aver, however, that multiple reasons existed to arrest and incarcerate the Plaintiff.

166. The allegations contained in paragraph 166 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

167. The allegations contained in paragraph 167 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

168. Answering the allegations contained in paragraph 168 of Plaintiff's Complaint, Defendants admit only that Plaintiff was not on the docket sheet in the General Sessions Court for Meigs County, Tennessee. Plaintiff accompanied someone that was on the docket sheet. The remaining allegations contained in paragraph 168 of Plaintiff's Complaint are denied.

21

169. The allegations contained in paragraph 169 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

170. The allegations contained in paragraph 170 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

171. The allegations contained in paragraph 171 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

172. The allegations contained in paragraph 172 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

173. The allegations contained in paragraph 173 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

174. The allegations contained in paragraph 174 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

175. The allegations contained in paragraph 175 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

176. The allegations contained in paragraph 176 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

177. The allegations contained in paragraph 177 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

178. The allegations contained in paragraph 178 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

179. The allegations contained in paragraph 179 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

180. The allegations contained in paragraph 180 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

22

181. The allegations contained in paragraph 181 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

182. The allegations contained in paragraph 182 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

183. Defendants incorporate by reference the responses to the preceding paragraphs as if fully and completely set forth therein.

184. Answering the allegations contained in paragraph 184 of Plaintiff's Complaint, it is admitted that Plaintiff was incarcerated for 10 days as a result of her multiple acts which clearly constitute contempt and other offenses. The remaining allegations contained in paragraph 184 of Plaintiff's Complaint are denied. Defendants denied any liability to Plaintiff under state or federal law.

185. The allegations contained in paragraph 185 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

186. The allegations contained in paragraph 186 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

187. The allegations contained in paragraph 187 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

188. The allegations contained in paragraph 188 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

189. The allegations contained in paragraph 189 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

190. The allegations contained in paragraph 190 of Plaintiff's Complaint are denied. At no relevant time was Plaintiff asked to leave the building. Defendants deny any liability to Plaintiff.

191. Answering the allegations contained in paragraph 191 of Plaintiff's Complaint, Defendants admit only Plaintiff was not on the docket sheet for May 11, 2024 in the General Sessions Court for Meigs County, Tennessee. All allegations inconsistent with the foregoing are denied.

192. The allegations contained in paragraph 192 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

193. Answering the allegations contained in paragraph 193 of Plaintiff's Complaint, it is admitted that Plaintiff was lawfully arrested and incarcerated in the detention facility for Meigs County, Tennessee for 10 days. The remaining allegations contained in paragraph 193 of Plaintiff's Complaint are denied.

194. The allegations contained in paragraph 194 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

195. The allegations contained in paragraph 195 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

196. The allegations contained in paragraph 196 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

197. The allegations contained in paragraph 197 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

198. Defendants incorporate by reference the responses to the preceding paragraphs as though set forth fully and completely herein.

199. The allegations contained in paragraph 199 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

200. The allegations contained in paragraph 200 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

24

201. The allegations contained in paragraph 201 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

202. The allegations contained in paragraph 202 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

203. The allegations contained in paragraph 203 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

204. The allegations contained in paragraph 204 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

205. The allegations contained in paragraph 205 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

206. The allegations contained in paragraph 206 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

207. Defendants incorporate by reference the responses to the preceding allegations as though set forth fully and completely herein.

208. The allegations contained in paragraph 208 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

209. The allegations contained in paragraph 209 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

210. The allegations contained in paragraph 210 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

211. The allegations contained in paragraph 211 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

212. The allegations contained in paragraph 212 of Plaintiff's Complaint are denied. Defendants deny any liability to Plaintiff.

213.    The allegations contained in paragraph 213 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

214.    Answering the allegations contained in paragraph 214 of Plaintiff's Complaint, Defendants admit only that Plaintiff was lawfully arrested and incarcerated for 10 days. The remaining allegations contained in paragraph 214 of Plaintiff's Complaint are denied.  Defendants deny any liability to the Plaintiff under state or federal law.

215.    The allegations contained in paragraph 215 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

216.    The allegations contained in paragraph 216 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

217.    The allegations contained in paragraph 217 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

218.    The allegations contained in paragraph 218 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

219.    The allegations contained in paragraph 219 of Plaintiff's Complaint are denied.  Defendants deny any liability to Plaintiff.

220.    Defendants aver that the Complaint is frivolous, not grounded in existing law, or a good faith extension of existing law, and therefore, is sanctionable under Federal Rule of Civil Procedure 11.

221.    Defendant Stokes is entitled to absolute immunity.

222.    Defendant Petitt is entitled to quasi judicial immunity.

223.    As an alternative only as the Complaint clearly names Defendants in their official capacities, Defendants Stokes, Petitt and Christian are entitled to qualified immunity under state and federal law.

224.    Defendants deny any liability to the Plaintiff.

225.    Plaintiff's state law action is barred by the doctrine of modified comparative fault.

226.    Defendants deny Plaintiff is entitled to any relief in this action.

227.    Plaintiff is liable to the Defendant pursuant to Tenn. Code Ann. §29-20-113 and all cases construing the same.

WHEREFORE, premises considered, Defendants respectfully request that Plaintiff's action be dismissed, judgment entered for the Defendants, and Plaintiff be compelled to Defendants' attorney fees and costs pursuant to 42 U.S.C. §1988, and further demand a jury to try this cause.

RESPECTFULLY SUBMITTED this 27th day of June, 2024.

TAYLOR & KNIGHT, GP

s/ *Arthur F. Knight, II*
Arthur F. Knight, III BPR# 016178
800 South Gay Street, Suite 600
Knoxville, TN 37929
Phone:  865-971-1701
aknight@taylorknightlaw.com

s/ *Sheridan Randolph*
Sheridan Randolph, BPR #034520
255 N. Ocoee Street
Cleveland, TN
Phone:  423-451-8568
sheridan@sheridanrandolph.com

s/*Matthew Rogers*
Matthew Rogers, BPR #027500
P.O. Box 507
Athens, TN 37371
Phone:  423-745-5674
matthew@rogerslaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on 27th day of June, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/Arthur F. Knight, III*
Arthur F. Knight, III