UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| HANNAH ASHBROOK,<br>*Plaintiff,*<br><br>v.<br><br>MEIGS COUNTY, TENNESSEE, *et al.,*<br>*Defendants.* | Docket Number: 1:24-CV-165<br><br>Judge Curtis L. Collier |

## RESPONSE TO MOTION FOR SPECIAL ORDER PURSUANT TO LOCAL RULE 83.2(c)

COMES NOW, your Respondent, **CASEY STOKES**, by and through counsel, **MATTHEW C. ROGERS of ROGERS, SAUCEMAN & BATEMAN, PLLC**, and hereby responds to Plaintiff's Motion for Special Order Pursuant to Local Rule 83.2(c) as follows:

### INTRODUCTION

Plaintiff, through Counsel, filed a Motion for Special Order Pursuant to Local Rule 83.2(c) with accompanying Brief in Support of Plaintiff's Motion for Special Order Pursuant to Local Rule 82.3(c) on October 1, 2024. Said Motion seeks an admonishment and a prior restraint on speech, The requested relief seeks to enjoin the Defendant, sitting Judge Casey Stokes, and his Counsel from responding to the press with comments that primarily reflect the assertions made in the Defendant's Answer to the Complaint filed with the Court which is public record. Complainant complains that the Defense has used plain language to deny his/her allegations which are based on known and provable lies and factual mistruths. Defense Counsel's statements to the press, which mirror statements made in Defendant's Answer, do not justify imposing a presumptively unconstitutional and unnecessary prior restraint on counsel, or prevent counsel from exercising core First Amendment rights. Plaintiff complains that Attorney Rogers makes comments such as "we look forward to exposing the truth."

Page 1 of 4
Hannah Ashbrook v. Meigs County, Tennessee *et al.*, United States District Court for the Eastern District of Tennessee;
No.: 1:24-CV-00165-CLC-SKL- Response to Motion for Special Order Pursuant to Local Rule 83.2(c)

Case 1:24-cv-00165-CLC-SKL   Document 33   Filed 11/25/24   Page 1 of 4   PageID #: 135

Given this, even if Defense Counsel was trying to try the case in the media as the Plaintiff contends (and he most certainly was not), the evidence shows that Defendant Stokes has overwhelmingly negative press reports and social media posts in the aftermath of this suit being filed which have set public perception against him and Counsel's statements have not changed that. Plaintiff's Motion should be denied.

## LEGAL STANDARD

Gag orders are **deeply** disfavored because they infringe on fundamental First Amendment Rights. *See generally In re Murphy-Brown, LLC*, 907 F.3d 788, 796-97 (4th Cir. 2018). "Even among First Amendment claims, gag orders warrant a most rigorous form of review because they rest at the intersection of two disfavored forms of expressive limitations: prior restraints and content-based restraints." *Id.* As the United States Supreme Court has held, prior restraints are subject to a "heavy presumption against…constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). Similarly, "gag orders are presumptively unconstitutional because they are content based." *Murphy-Brown*, 907 F.3d at 797. Given all this, "gag orders must survive strict scrutiny," and a court imposing such an order must support that decision with specific reasoning. *Id.*

In order to survive strict scrutiny, "a gag order may issue only if there is a likelihood that 'publicity, unchecked, would so distort the views of potential jurors that [enough] could not be found who would, under proper instruction, fulfill their sworn duty to render a just verdict exclusively on the evidence presented in open court.'" *Id.* at 797-98 (quoting *Neb Press Ass'n v. Stuart*, 427 U.S. 539, 569 (1976)). Critically, however, the Fourth Circuit has expressly acknowledged that "the fact of publicity is hardly dispositive. Publicity often accompanies trials, including trials in which the public has a keen and understandable interest." *Id.* at 798. "Ensuring fair trial rights is a compelling interest, however, only when there is a reasonable likelihood that a party would be denied a fair trial without the order…" *Id.* at 797 (internal quotation marks omitted).

Page 2 of 4
Hannah Ashbrook v. Meigs County, Tennessee et al., United States District Court for the Eastern District of Tennessee, No.: 1:24-CV-00165-CLC-SKL- Response to Motion for Special Order Pursuant to Local Rule 83.2(c)

Case 1:24-cv-00165-CLC-SKL   Document 33   Filed 11/25/24   Page 2 of 4   PageID #: 136

## ARGUMENT

The Plaintiff's focus on Local Rule 83.2(c) in its Motion overlooks the legal and constitutional standard it must meet in order to obtain an Order silencing defense counsel. An Order limiting the ability of trial participants to communicate with the media about a case (within the bounds of their ethical obligations) is subject to the highest level of judicial scrutiny. *Murphy-Brown*, 907 F.3d at 796-97. Pretrial publicity, standing alone, is insufficient to warrant a gag order. *Id.* at 798, and such an Order may only issue if "there is a reasonable likelihood that a party would be denied a fair trial without the order," *Id.* at 797 (internal quotation marks omitted).

Plaintiff, in her Motion, states that the two separate news articles have been "posted on social media, capable of reaching a world-wide audience causing Plaintiff unnecessary emotional upset and genuine fear that her reputation may be irreparably tarnished." She is an admitted methamphetamine user and has been convicted of shoplifting from Walmart. See excerpt from deposition testimony attached hereto as Exhibit 1. However, as of the date of the filing of this response, the first article shared on social media on June 13, 2024, only has one (1) comment, four (4) shares, and three (3) reactions. The second article shared on September 30, 2024, has zero (0) comments, zero (0) shares, and only one (1) reaction. See attached Exhibit 2. Based on these numbers, it is the Defendant's position that Counsel's statements to the media as well as the articles being shared on social media would indicate that, not only does the Plaintiff have no reason to worry about potential damage to her reputation, but also no reason to worry that said comments and articles may taint the jury pool.
Page 3 of 4

Case 1:24-cv-00165-CLC-SKL Document 33 Filed 11/25/24 Page 3 of 4 PageID #: 137

Hannah Ashbrook v. Meigs County, Tennessee *et al.*, United States District Court for the Eastern District of Tennessee, No.: 1:24-CV-00165-CLC-SKL- Response to Motion for Special Order Pursuant to Local Rule 83.2(c)

## CONCLUSION

For the foregoing reasons, Defendant Casey Stokes respectfully requests that this Court deny the Plaintiff's Motion for Special Order.

Respectfully submitted,

By:
ROGERS, SAUCEMAN & BATEMAN, PLLC

/s/ MATTHEW C. ROGERS
MATTHEW C. ROGERS, BPR# 027500
Attorney for Casey Stokes
P.O. Box 507
Athens, TN 37371-0507
(423) 745-5674 Phone
(423) 745-5679 Fax
info@rogerslaw.org

/s/CASEY STOKES
By Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of November, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ Matthew C. Rogers
Rogers, Sauceman & Bateman, PLLC

Page 4 of 4
Hannah Ashbrook v. Meigs County, Tennessee et al., United States District Court for the Eastern District of Tennessee, No.: 1:24-CV-00165-CLC-SKL- Response to Motion for Special Order Pursuant to Local Rule 83.2(c)

Case 1:24-cv-00165-CLC-SKL    Document 33    Filed 11/25/24    Page 4 of 4    PageID #: 138