
As of: January 21, 2025 1:45 PM Z

# WILSON v. WILSON

Court of Appeals of Tennessee

August 21, 1992, Filed

CA No. 03A01-9104-CH-00126

**Reporter**
1992 Tenn. App. LEXIS 715 *; 1992 WL 200971

KAREN MELISSA WILLS WILSON, Plaintiff vs. ROBYN HAYES WILSON, Defendant, IN RE: THOMAS E. COWAN, JR., Appellant,

**Prior History:** [*1] CHANCERY COURT. CARTER COUNTY. HON. RICHARD JOHNSON, CHANCELLOR

**Disposition:** REVERSED AND REMANDED

## Core Terms

contempt, temporary restraining order, misleading, criminal contempt, trial court, sentence, divorce, notice

## Case Summary

### Procedural Posture

Appellant attorney challenged a judgment of the Chancery Court of Carter County (Tennessee), which convicted him of criminal contempt under Tenn. R. Crim. P. 42(a) based on his conduct in representing plaintiff wife in her divorce action against defendant husband. The attorney had obtained from a criminal court judge a temporary restraining order, which restrained the husband from interfering with the wife's use and possession of a car.

### Overview

During the course of the divorce proceedings, the trial judge learned that at the time the attorney obtained the temporary restraining order, the wife was not in possession of the car. He then conducted a contempt hearing. The trial judge found that the attorney had lied to the criminal court judge with respect to the wife's possession of the car and that the attorney had lied to the trial court when it asked him whether he had told the criminal court judge that the wife had possession. It held that such conduct constituted contempt of court under Tenn. R. Crim. P. 42(a). The court reversed the trial court's decision. Pursuant to Tenn. R. Crim. P. 42(a), a criminal contempt could be punished summarily if the judge certified that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. Where, as here, actions occurred both in the trial court's presence and outside the court's presence and where both were required to be established to support a contempt conviction, a summary conviction was inappropriate under Tenn. R. Crim. P. 42(a). Instead, the notice requirements of Tenn. R. Crim. P. 42(b) were required to be met.

### Outcome

The court reversed the trial court's judgment and remanded the cause to the trial court.

## LexisNexis® Headnotes

Civil Procedure > Sanctions > Contempt > Gene

ral Overview

Civil Procedure > Sanctions > Misconduct & Unethical Behavior > General Overview

### HN1[↓] Sanctions, Contempt

See Tenn. R. Crim. P. 42(a).

Civil Procedure > Sanctions > Contempt > General Overview

### HN2[↓] Sanctions, Contempt

See Tenn. R. Crim. P. 42(b).

Civil Procedure > Judicial Officers > Judges > General Overview

Civil Procedure > Sanctions > Contempt > General Overview

Civil Procedure > Sanctions > Misconduct & Unethical Behavior > General Overview

### HN3[↓] Judicial Officers, Judges

Tenn. R. Crim. P. 42(a) contemplates a contempt conviction based on knowledge of the trial judge obtained by him through his own senses, such as his own sight and hearing and in the court's presence or so near thereto to be considered in the presence of the court and without reference to extrinsic evidence.

Civil Procedure > Sanctions > Contempt > General Overview

Civil Procedure > Sanctions > Misconduct & Unethical Behavior > General Overview

### HN4[↓] Sanctions, Contempt

Where actions occurred both in the presence of the court and outside the presence of the court and where both must be established to support a conviction for contempt, a summary conviction is inappropriate under Tenn. R. Crim. P. 42(a), but instead, the requirements of Tenn. R. Crim. P. 42(b) must be met.

**Counsel:** THOMAS E. COWAN, JR., Pro Se, Appellant.

CHARLES W. BURSON, Attorney General and Reporter, JEANNIE KAESS, Assistant Attorney General and Reporter for the State of Tennessee.

**Judges:** McMurray, Goddard, Franks

**Opinion by:** DON T. McMURRAY

## Opinion

*OPINION*

McMurray, J.

This is an appeal from the judgment of the Chancery Court for Carter County, Tennessee, wherein plaintiff's attorney, Thomas E. Cowan, Jr., was convicted of criminal contempt. The contempt conviction was based on the conduct of the appellant which allegedly occurred during and before a hearing in the underlying civil action. For reasons hereinafter stated, we reverse the judgment of the trial court.

The material facts are that the appellant was employed by Karen Wilson to represent her in a divorce proceeding. In the divorce action appellant sought and obtained a temporary restraining order which, among other things, restrained the defendant in the divorce action from "conveying, transferring, encumbering, alienating, or interfering with her [the plaintiff's] exclusive use and possession of the

household goods, personal property, and 1991 BMW 318-I automobile, [*2] in any way or fashion. . . ." During the course of the divorce proceedings the trial judge learned that at the time the appellant obtained the temporary restraining order from Judge Lynn Brown, Judge of The Criminal Court, appellant's client was not in possession of the BMW automobile. At the conclusion of the divorce hearing the court required the court reporter and attorneys to remain and after a hearing, the appellant was convicted of contempt of court and sentenced to ten days in jail.

During the hearing the following colloquy transpired between the trial judge and the appellant:

THE COURT: Did you tell Judge Brown that Ms. Wilson had possession of this vehicle?

MR. COWAN: No sir.

THE COURT: Well, I talked to him at lunch time and he said you did. And I'm going to stop this proceeding right now, I'm going to call Jonesborough, I'm going to get Judge Brown up here. Okay.

Thereupon court was recessed until the arrival of Judge Brown. After Judge Brown's arrival, testimony was elicited from him by questions propounded by the trial judge and the appellant. At the conclusion of Judge Brown's testimony the court found Mr. Cowan to be in contempt of court stating in the record [*3] as follows:

This court finds that a reasonable reading of the complaint which Mr. Cowan drafted and had his client sign is that his client had possession of the BMW automobile. This court further finds that the affidavit of the plaintiff, Mr. Cowan's client, the affidavit having been drafted by Mr. Client - by Mr. Cowan, a reasonable reading of same, would lead the Court to believe as Judge Brown was led to believe on both the complaint and the affidavit, that, in fact, Mr. Cowan's client had possession of the BMW automobile.

This court further finds that a reasonable reading of the temporary restraining order which Mr. Cowan drafted and presented to Judge Brown would lead a reasonable person to believe that Mr. Cowan's client had possession of the 1991 BMW automobile and the - one of the purposes of the restraining order was to prohibit the defendant from interfering with the plaintiff's possession of said automobile.

This court further finds by the clear undisputed evidence in this case today, that in fact, Mr. Cowan's client did not have possession of this automobile. This court finds that Mr. Cowan in the complaint, the affidavit and the restraining order purposefully, intentionally [*4] mislead the court. That in fact, this court finds that Mr. Cowan lied to Judge Brown about this client having possession of the BMW automobile. This court finds that today Mr. Cowan lied to me about what he told Judge Brown and this court finds that as a result of that that Mr. Cowan is in contempt of court. That Mr. Cowan's willful behavior in the presence of the court or so near thereto, has obstructed the administration of justice. That Mr. Cowan is guilty of willful misbehavior as an officer of the court in his official capacity, in his official transactions; therefore, this court sentences Mr. Cowan to ten days in the county jail.

The appellant filed his notice of appeal to this court and an order was entered in the trial court on February 3, 1992, staying the imposition of punishment pending appeal.

Thereafter, the judgment of the court was reduced to writing by order entered February 14, 1992. The order provided in pertinent part as follows:

The factual conclusions are:

1. Mr. Cowan drafted the complaint, affidavit of plaintiff, and the temporary restraining order to mislead the court into believing that plaintiff had possession of the automobile.

2. Mr. Cowan orally made [*5] false and/or misleading representations to the Honorable Lynn W. Brown, criminal court judge of the First Judicial District, upon Judge Brown's inquiry of Cowan, prior to Judge Brown's executing the Temporary Restraining order.

3. Mr. Cowan made false and/or misleading statements to this court when this court made inquiry of Mr. Cowan concerning Mr. Cowan's statements to Judge Brown at the time Mr. Cowan presented the temporary restraining order to Judge Brown.

4. Mr. Cowan, in his capacity as an officer of this court presented the false and/or misleading documents to defendant as a ruse in order to unlawfully gain possession of the automobile from the defendant.

5. All of Mr. Cowan's conduct, as aforesaid, was purposely and intentionally done with the design of lying to the court in order to unlawfully gain possession of an automobile for his client.

6. As an officer of this court, Mr. Cowan knew that his conduct, as aforesaid, was unlawful, unethical and inconsistent with the rules of this court.

The legal conclusions are:

1. Thomas E. Cowan, Jr., wilfully, purposefully, and intentionally violated *Tennessee Code Annotated* Section 29-9-102 (1) (2) (4) and (6).

2. Thomas [*6] E. Cowan, Jr., wilfully, purposefully, and intentionally violated the Code of Professional Responsibility of the Tennessee Supreme Court. T.S.C. Rule 8.

The judgment of this court is:

1. Thomas E. Cowan, Jr., is sentenced to ten (10) days in the Carter County jail. *Tennessee Code Annotated* Section 29-9-103.

* * * *

On March 6, 1992, the trial court entered an additional order which provided in pertinent part as follows:

After further consideration, the court is of the view that the Rules of Criminal Procedure, Rule 42 (a) and (b), govern the court's findings of contempt and the court's sentence of Mr. Cowan.

Rule 42(a) provides:

HN1[↑] (a) Summary Disposition. -- A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

Pursuant to Rule 42(a), this court certifies that Mr. Cowan made false and/or misleading statements to this court when this court made inquiry of Mr. Cowan concerning Mr. Cowan's statements to Judge Brown at the time Mr. Cowan presented [*7] the temporary restraining order to Judge Brown; and that Mr. Cowan's statements to the court were made within the court's sight and hearing and the contempt was committed in the actual presence of the court. In regard to Mr. Cowan's contempt as contemplated by T.R.Crim.P. 42(a), the court affirms and adopts its findings of fact, factual conclusions, legal conclusions, judgment and sentence as recited in the court's original order entered on the 14th day of February, 1992.

Rule 42(b) provides:

HN2[↑] (b) Disposition upon Notice and

Hearing. -- A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the district attorney general or of an attorney appointed by the court for that purpose by an order to show cause or an order of arrest. The defendant is entitled to bail as provided in these rules. If the contempt [*8] charge involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing except with the defendant's consent. Upon a verdict of finding of guilt the court shall enter an order fixing the punishment.

The court's other findings of contempt against Mr. Cowan are governed by Rule 42(b); therefore, the court vacates its other findings of contempt and the sentence of Mr. Cowan. The court adopts its findings of fact and factual conclusions in its order entered the 14th day of February 1992, as the "essential facts constituting the criminal contempt charged" and here describes them as such.

* * * *

The court went further in its order, recused himself and called upon the presiding judge of the First Judicial District to designate a judge to hear the cause. It is in this posture that the case is before us.

The appellant in his brief presents the following issue for our consideration:

Is the evidence sufficient to show appellant guilty beyond a reasonable doubt of making false or misleading statements to Chancellor Richard Johnson on January 31, 1992, when Chancellor Johnson make (sic) inquiry of appellant concerning appellant's statements to Criminal [*9] Judge Lynn Brown, January 29, 1992, when appellant presented a temporary restraining order for issuance?

We note firstly that a conviction for criminal contempt requires proof of guilt measured by a "reasonable doubt" standard. Rule 13(e), Tennessee Rules of Appellate Procedure, requires that "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." In this case, however, we find it unnecessary to weigh the evidence to make that determination. The issue before us arises from a summary conviction of contempt purportedly under the express provisions of Rule 42(a), Tennessee Rules of Criminal Procedure.

We are of the opinion that Rule 42(a), Tennessee Rules of Criminal Procedure HN3[↑] contemplates a conviction based on knowledge of the trial judge obtained by him through his own senses, such as his own sight and hearing and in the court's presence or so near thereto to be considered in the presence of the court and *without reference to extrinsic evidence*.

Here the court seeks to bring Mr. Cowan's summary conviction under Rule 42(a), T.R.A.P., [*10] because "Mr. Cowan made false and/or misleading statements to this court when this court made inquiry of Mr. Cowan concerning Mr. Cowan's statements to Judge Brown at the time Mr. Cowan presented the temporary restraining order to Judge Brown; and that Mr. Cowan's statements to the court were made within the court's sight and hearing and the contempt was committed in the actual presence of the court."

We find this action of the trial court to be impermissible under Rule 42, T.R.A.P., because a determination of the truthfulness or

falsity of the statements cannot be made without reference to Judge Brown's testimony. Thus, *HN4*[⬆] where, as here, actions occurred both in the presence of the court and outside the presence of the court and where both must be established to support a conviction for contempt, a summary conviction is inappropriate under Rule 42(a) T.R.A.P., but instead, the requirements of Rule 42(b) must be met. Accordingly, we reverse the judgment of the trial court. In so doing, we do not express any opinion on the merits of any issue, other than to hold that a summary conviction was inappropriate under the circumstances of this case.

Don T. McMurray, J.

CONCUR:

Houston [*11] M. Goddard, J.

Herschel P. Franks, J.

End of Document