IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTIRCT OF TENNESSEE

HANNAH ASHBROOK,

    Plaintiff,

v.                                  No. 1:24-cv-00165

MEIGS COUNTY, TENNESSEE et al.,

    Defendants.

## REPLY OF DEFENDANT CASEY STOKES TO PLAINITFF'S RESPONSE TO JUDGE STOKES' MOTION TO DISMISS/FOR SUMMARY JUDGMENT ON THE GROUNDS OF JUDICIAL IMMUNITY

Plaintiff misapprehends Defendant's Motion. Plaintiff argues Judge Stokes' discussion of factual issues subverts his assertion of judicial immunity. With respect, the response to this assertion is of course, no. Certain facts were raised but only to demonstrate that the challenged decision of Judge Stokes was, in fact, judicial or official in nature and therefore he is entitled to judicial immunity in his action. Again, it is the <u>nature</u> of the decision which matters, not whether it was right or wrong. (emphasis added) Although Judge Stokes maintains all decisions made of or concerning Plaintiff were entirely accurate, that is simply not the inquiry. "No immunity doctrine affecting persons is more strongly established than that of judicial immunity." <u>Kurz v. State of Mich.</u>, 548 F.2d 172, 174 (6th Cir. 1977). This Court (in an opinion authored by District Judge R. Ronnie Greer) summarized the law governing judicial immunity as follows:

> "It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. Immunity from a § 1983 suit for money damages is no exception. " <u>Barnes v. Winchell</u>, 105 F.3d 1111, 1115 (6th Cir. 1997) (citations omitted); *see also* <u>Pierson v Ray</u>, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more

solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction[.]"). Absolute judicial immunity is expansive and it applies when a judge's decision is alleged to be erroneous. Forrester v. White, 484 U.S. 219, 227-28 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.") (citations omitted); …. Further, it applies – like Plaintiff alleges here – "when the judge is accused of acting maliciously and corruptly," Pierson, 386 U.S. at 554 (citations omitted), and when the judge is accused of conspiring with others, Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) ("The fact that it is alleged that the judge acted pursuant to a conspiracy and committed grave procedural errors is not sufficient to avoid absolute judicial immunity.") (citations omitted).

Craig v. McMillan, 2023 WL 5493535 (E.D.Tenn. 2023) at *2.

As Judge Greer clearly recognized on behalf of this District, judicial immunity is a solid and inviolate doctrine. Plaintiff has done nothing more than attack a judicial decision and/or decisions by Judge Stokes. No matter what Plaintiff alleges, or what facts concerning the decisions Plaintiff alleges are disputed, the fact remains that the decision attacked in Plaintiff's case is official and entitled to be immunized.

## CONCLUSION

For each and all of the foregoing reasons, it is respectfully requested that the Motion on behalf of Judge Stokes declaring him to be judicially immune in the above-captioned action be granted, and the action against Judge Stokes be dismissed.

Respectfully submitted this 28th day of January, 2025.

ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
arthur@arthurfknightlaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document or pleading was served via the Court's ECF filing system on all users authorized and directed to receive such service. Dated January 28, 2025.

*s/Arthur F. Knight, III*
Arthur F. Knight, III